UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60990-CIV-COHN

CHRISTINE MERCEK,

Magistrate Judge Seltzer

        Plaintiff,

v.

NORTHWEST AIRLINES CORPORATION
and NORTHWEST AIRLINES, INC.
GROUP MEDICAL PLAN,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Complaint [DE 8].  The Court has carefully considered the motion, response, and reply thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Christine Mercek ("Plaintiff"), filed this action against Northwest Airlines Corporation ("Northwest") and Northwest Airlines, Inc. Group Medical Plan ("Plan") for medical benefits under the Plan pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  Plaintiff was employed by Northwest from 1988 through January of 2001.  Upon separation, she continued her group health insurance coverage by paying the full premium pursuant to her rights under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. ("COBRA").  However, in December of 2002, her payment, automatically deducted from her checking account on the 10th of each month, did not go through to the Plan due to insufficient funds in her

account.  The Plan canceled her coverage, even though Plaintiff tendered payment by check on December 18, 2002, within 30 days of the due date for the payment.  This payment was refused by the Plan and Plaintiff was left without coverage.  Plaintiff sues to recover under ERISA her medical expenses incurred because she was not covered under the Plan.

Defendants move to dismiss the action because Plaintiff failed to allege exhaustion of administrative remedies.  Plaintiff opposes the motion.

## II.  DISCUSSION

Defendants move to dismiss the Complaint for failure to state a claim for ERISA benefits pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), alters the Rule 12(b)(6) standard to one wherein a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendants argue that Plaintiff failed to exhaust her administrative remedies because she never filed any appeal with the appropriate appeal committee set up by the Plan.[1]  Defendants also assert that "the Complaint lacks any allegation that she exhausted the Plan's mandatory administrative review procedures." Defendant's Motion at p. 3.  In response, Plaintiff argues that because she never submitted a "claim," the exhaustion procedures in the Plan documents do not apply to the decision to reject her December 2002 COBRA payment.[2]

At the risk of oversimplifying the issue of exhaustion, the Court notes that the Complaint in this case alleges that "All administrative remedies have been exhausted, or, in the alternative, such exhaustion is either not required, has been waived or is futile." Compl., ¶ 4.  Therefore, at this motion to dismiss stage, the Court must take this statement as true, thus raising Plaintiff's right to relief above the speculative level.  The arguments made by Defendants would require the Court to make both a legal determination that exhaustion is required, and a factual determination as to whether exhaustion actually occurred.  Because the latter determination is not appropriate on a motion to dismiss, the Court will defer ruling upon the legal aspects of whether exhaustion is required until the summary judgment stage of this litigation.

---

[1] Defendants raise an argument for the first time regarding statute of limitations in its reply memorandum. Reply, p. 5 [DE 24].  The Court does not address this issue as it was not raised in the motion itself.

[2] The Court notes that Defendants have not sought dismissal of the case because Plaintiff was entitled to health insurance coverage for only eighteen months following the termination of his employment under COBRA. 29 U.S.C. § 1162(2)(A)(i); Compl., ¶ 14.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint [DE 8] is hereby **DENIED**;

2. Defendants shall file an Answer to the Complaint by January 7, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of December, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Susan Dolin, Esq.
Andrew Holly, Esq./Steven P. Lucke, Esq.
Kristina Pett, Esq./ Lonn Weissblum, Esq.